MOORE, J.
 

 11 Patrick Ashley appeals his sentence of 20 years at hard labor for the aggravated incest of his four-year-old niece. We affirm.
 

 The 23-year-old Ashley lived with his mother, Mrs. Woods, in her house in Shreveport’s MLK neighborhood. Mrs. Woods regularly babysat toddlers in her home, including occasionally her granddaughter AR, who was Ashley’s niece and, at the time, about a month shy of her fifth birthday. On July 5, 2007, AR told her mother, Ms. Ratcliff, that Ashley had “put his wee-wee in her”; Ms. Ratcliff called the police. Detective Paula Moreno found that AR had reported this incident not only to her mother but also to her big sister, LA.
 

 Detective Moreno referred AR to Gingerbread House, where the child said in a videotaped interview that some days earlier, Ashley had called her into his bedroom, pulled down her pants, laid her on the bed and put his “wee-wee” in her. On a drawing, she marked that he had done this both in her genital (her “kitty”) and her rectal (her “butty”) areas. AR then went to Dr.
 
 *334
 
 Ann Springer at the Cara House. Dr. Springer’s colposcope exam found a “jagged and irregular” hymen with no normal tissue remaining, a standard injury in children who were victims of sexual abuse. An anal exam found a deep fissure at the 6:00 o’clock position “through the anal pillars,” which in the doctor’s view could have been caused only by forceful penetration.
 

 The state charged Ashley by bill of information with one count of aggravated incest, La. R.S. 14:78.1. After a three-day bench trial in July 2009, the court found him guilty as charged. The court denied Ashley’s motions for new trial and post verdict judgment of acquittal. At a sentence 12hearing, the court considered Ashley’s PSI and heard testimony from AR’s mother and sister, as well as Ashley’s mother and girlfriend (who also lived with Ashley, along with her own baby from a prior relationship, in Mrs. Woods’s house). The state stipulated that because it had not indicted Ashley, it would not seek the maximum life sentence under R.S. 14:78.1 D(2)
 
 [1]
 
 for a victim under the age of 13 and an offender over the age of 17; instead it would apply the range of 5 to 20 years at hard labor by Subsection D(l), and request the maximum of 20.
 

 The court stated that Ashley’s minimal criminal record, mostly traffic offenses, and good conduct in prison were mitigating factors, but that several aggravating factors also applied: his acts manifested deliberate cruelty to AR, he knew or should have known that she was particularly vulnerable or incapable of resistance because of her extreme youth, he used his position or status as her uncle to facilitate the commission of the offense, and it resulted in significant permanent injury to the victim. Mostly, the court found the evidence would have supported a conviction of aggravated rape, which carries a mandatory life at hard labor without benefits. The court therefore imposed the maximum of 20 years at hard labor, subject to the benefits of parole, probation and suspension of sentence, and with credit for time served.
 

 The court denied a motion to reconsider sentence; this appeal followed.
 

 | oBy one assignment of error, Ashley urges the 20-year hard labor sentence is excessive for the offender in this case. He contends the court gave inadequate weight to his virtually clean criminal record and instead focused on the despicable nature of the offense, contrary to
 
 State v. Lathers,
 
 414 So.2d 678 (La.1982). He requests that the sentence be vacated and the case remanded for a lesser sentence that would better serve the goals of punishment and rehabilitation.
 

 The state responds that because the evidence would have supported either aggravated rape or the enhanced penalty provision of R.S. 14:78.1 D(l), Ashley qualifies as the “worst type of offender” for whom the maximum sentence is appropriate.
 
 State v. Woods,
 
 41,420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658,
 
 writs denied,
 
 2006-2768, -2781 (La.6/22/07), 959 So.2d 454.
 

 Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. First the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1 by establishing a factual basis for the sentence. This record shows a thorough and exemplary treatment of the sentencing factors; the court restated the operative facts of the offense and analyzed all relevant sentencing factors, thus distinguishing the case from
 
 State v. Lath
 
 
 *335
 

 ers, supra.
 
 Moreover, the court was not required to assign greater weight to any one factor than to any other.
 
 State v. Taves,
 
 2003-0518 (La.12/3/03), 861 So.2d 144;
 
 State v. Freeman,
 
 44,419 (La.App. 2 Cir. 6/24/09), 13 So.3d 1241. We find adequate compliance.
 

 | ¿The second prong is constitutional exeessiveness. A sentence violates La. Const. Art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276. A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals.
 
 State v. Guzman,
 
 99-1528 (La.5/16/00), 769 So.2d 1158. As a general rule, maximum or near-maximum sentences are reserved for the most serious violations of the charged offense and the worst kind of offender.
 
 State v. Cozzetto,
 
 2007-2031 (La.2/15/08), 974 So.2d 665. Nevertheless, the sentencing court has wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of that discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7.
 

 On close review we find no abuse of the district court’s sentencing discretion. Despite numerous factual defenses raised at trial, the record shows that Ashley subjected his 4-year-old niece to both vaginal and anal penetration, the latter “forceful” in the opinion of the medical expert. The state’s election not to pursue the enhanced penalty of R.S. 14:78.1 D(l) or a charge of aggravated rape greatly reduced Ashley’s sentencing exposure. Finally, the victim’s mother testified that not only did the incident require putting the child in therapy; it also broke up the family. The record supports the district court’s finding that Ashley is the “worst kind of offender” for | ¡¡whom the maximum sentence is warranted. The assigned error lacks merit.
 

 Finally, we have reviewed the entire record and found nothing we consider to be error patent. La. C. Cr. P. art. 920(2). For these reasons, Patrick Ashley’s conviction and sentence are affirmed.
 

 AFFIRMED.
 

 [1]
 

 . This penalty was subsequently amended to a maximum of 99 years at hard labor by 2008
 
 La..
 
 Acts No. 33, effective August 15, 2008.