BROWN, Chief Judge.
 

 | ¶ Defendant, Elston Caldwell, pled guilty to second offense possession of marijuana and was subsequently sentenced to serve four years at hard labor. He now appeals asserting that the sentence imposed was cruel, unusual, and excessive. We affirm.
 

 Facts and Procedural History
 

 Defendant worked at Alex Edwards’ Auto Sales in Springhill, Louisiana. The record does not show what his job entailed. Defendant had a key to the business and on the night or morning of August 3, 2010, he was entering the office when this incident occurred.
 
 [1]
 
 The presentence investi
 
 *801
 
 gation report (PSI) states that Springhill Police Officer Brian Montgomery, while on patrol on August 3, 2010, observed a black male trying to enter Alex Edwards’ Auto Sales. Officer Montgomery spoke with the black male (defendant) and asked for identification, which defendant produced. Officer Montgomery then asked defendant to empty his pockets.
 
 [2]
 
 At this point, defendant turned and walked away into the parking lot. Defendant returned and became combative at which time he was ordered to the ground and arrested. During a search of defendant’s pockets, Officer Montgomery found a loose green leafy substance which he believed to be marijuana. The crime lab confirmed that the substance was marijuana.
 

 Defendant was charged by bill of information with second offense possession of marijuana, in violation of La. R.S. 40:966(C) and La. R.S. |,40:982.
 
 [3]
 
 Defendant’s prior conviction for possession of marijuana occurred in 2004. On December 17, 2010, after being advised of his
 
 Boykin
 
 rights, defendant pled guilty as charged to second offense possession of marijuana.
 
 See, Boykin v. Alabama,
 
 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea was entered with the state’s agreement not to file a multiple offender charge. Defendant had previously been convicted of distribution of cocaine in 1991 and possession of cocaine in 2000.
 
 [4]
 

 The trial court reviewed defendant’s PSI. Specifically, at sentencing, the trial court remarked that defendant had become combative with police during the arrest and that defendant continued to maintain that the police officer had no business stopping him. Defendant states that the officer knew that he worked at the business. The trial court also took into consideration defendant’s social and employment history. Defendant was 49 years old, had obtained his GED, and worked approximately 30 hours a week at that time. In addition to defendant’s March 15, 2004, conviction for possession of marijuana, the trial court reviewed defendant’s criminal history which included the two prior felony convictions for distribution of cocaine in 1990 and possession of cocaine in 2000. He also had some misdemeanor convictions. However, defendant’s record was clean from 2003 until 2010. In 2010, he pled guilty to domestic battery and the present offense.
 

 |sThe trial court sentenced defendant to four years imprisonment at hard labor. Defense counsel made an oral motion for reconsideration of the sentence, arguing that the amount of marijuana in question was small, defendant actually worked at the location of the arrest, and he did express remorse. The trial court denied the motion and defendant filed the present appeal.
 

 Discussion
 

 The only issue raised on appeal by defendant is whether “the sentence imposed by the trial court was cruel, unusual and excessive, in violation of Article I, § 20 of the Louisiana Constitution of 1974.”
 
 *802
 
 La. Const. Art. I, § 20 provides, in pertinent part: “No law shall subject any person to ... to cruel, excessive, or unusual punishment.”
 

 Appellate review of sentences for alleged excessiveness is a two-pronged inquiry.
 
 State v. Ashley,
 
 45,563 (La.App.2d Cir.09/22/10); 48 So.3d 332. First, the record must show that the sentencing court complied with La. C. Cr. P. Art. 894.1 by establishing a factual basis for the sentence.
 
 Id.
 
 The second prong is constitutional excessiveness. A sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993);
 
 State v. Bonanno,
 
 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no | reasonable contribution to acceptable penal goals.
 
 State v. Guzman,
 
 99-1528 (La.05/16/00); 769 So.2d 1158;
 
 State v. Ashley, supra.
 

 A trial court has broad discretion in sentencing offenders. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive.
 
 State v. Kidd,
 
 45,638 (La.App.2d Cir. 11/03/10); 55 So.3d 90.
 

 The relevant statute to defendant’s conviction is La. R.S. 40:966(E)(2)(a), which provides:
 

 Except as provided in Subsection F or G of this Section, on a second conviction for violation of Subsection C of this Section with regard to marijuana, tetrahy-drocannabinol or chemical derivatives thereof, the offender shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
 

 First, defendant argues that the trial court ignored the required La. C. Cr. P. art. 894.1 review. The trial court need not articulate every mitigating circumstance, but the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant.
 
 State v. Lathers,
 
 414 So.2d 678 (La.1982). Moreover, the court is not required to assign greater weight to any one factor than to any other.
 
 State v. Taves,
 
 03-0518 (La.12/03/03); 861 So.2d 144. A review of the record reveals that the trial court did review the factors listed in La. C. Cr. P. art. 894.1 in formulating its sentence. The trial court noted defendant’s age, family history, and work history, but it also examined his criminal history and his combativeness with police during the arrest.
 

 Defendant urges that his sentence of four years at hard labor is constitutionally excessive. La. R.S. 40:966(E)(2) empowers the sentencing [ r,court to impose up to five years with or without hard labor and up to a two thousand dollar fine for violation of the statute. The sentence imposed, four years at hard labor, was within the sentencing range. The trial court elected not levy any of the allowable fíne upon defendant. Further, the state agreed that no habitual offender enhancement would be sought.
 

 Defendant’s primary argument is that the amount of marijuana found on his person was loose and not “even enough to make a joint.” Defendant points to a recent dissent of Justice Knoll’s:
 

 Indeed, there are circumstances where a prosecutor may be ethically required to pursue something other than the most severe sanction. The “responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek
 
 *803
 
 justice, not merely to convict.” I believe this is just such a case. The amount in controversy is so small, and the circumstances of the alleged crime so uncertain, that the instant prosecution and the grossly disproportionate sentence do not further the ends of justice. Compare the $8 Jackson allegedly stole with the burden the taxpayers will bear to keep him incarcerated for the remainder of his life. Today, it costs the state of Louisiana $54 per day, or nearly $20,000 per year, to keep each inmate in prison.
 

 State v. Jackson,
 
 09-2406 (La.01/19/11), 55 So.3d 767, 775.
 

 The quantity of the illegal substance found on a defendant is not necessarily a compelling factor in imposing an appropriate sentence. Defendant’s prior record with cocaine and marijuana as well as his combative attitude with the police are significant. We note that defendant’s prior misdemeanor charges were for battery and resisting arrest. Further, defendant received a break when the prosecutor chose not to pursue a habitual offender charge. Based on these facts, we cannot say the trial court | ^manifestly abused its discretion in sentencing. Therefore, we hold that this sentence is not cruel, unusual or excessive by constitutional standards.
 

 Conclusion
 

 For the reasons set forth above, the defendant’s sentence is affirmed.
 

 AFFIRMED.
 

 [1]
 

 . In brief defendant states that he was opening the office that morning; however, the trial court at sentencing stated that defendant was
 
 *801
 
 opening the office that night. All agree that he was legitimately opening the business.
 

 [2]
 

 . No motion to suppress was filed. Defendant claimed that the officer knew that he worked at this business. No information is in the record that a pat down search was done.
 

 [3]
 

 . Although the bill of information listed La. R.S. 40:982 for authority to charge defendant with second offense possession of marijuana, La. R.S. 40:966(E)(2) contains the relevant, more specific provisions for such.
 

 [4]
 

 .We note that defendant’s parole expired in 1996 on the distribution conviction and he received a four-year sentence on the 2000 conviction. See the cleansing period set forth in La. R.S. 15:529.1.