BROWN, Chief Judge.
| ^Defendant, Daniel Murray, was charged in a two-count Grand Jury indictment with forcible rape, a violation of La. *36 R.S. 14:42.1, and molestation of a juvenile, a violation of La. R.S. 14:81.2. Defendant was 38 years old at the time, and the victim was the 16-year-old daughter of defendant’s girlfriend. The crime occurred on January 21, 2009, at defendant’s apartment in Minden, Louisiana. Defendant pled not guilty and pursued, through his retained attorneys, an aggressive pretrial strategy. On the trial date, defendant entered into a plea agreement. The first count of the indictment, forcible rape, was dismissed, and the second count, molestation of a juvenile, was amended to a lesser charge of cruelty to juveniles, a violation of La. R.S. 14:93. Defendant pled guilty to cruelty to juveniles. A pre-sentence investigation was ordered, and the court received information from both defendant and the victim’s family. After fully considering all of this information, the trial court sentenced defendant to the maximum jail term of ten years at hard labor. Defendant filed two motions to reconsider sentence. He argued that the sentence imposed, the maximum allowable, was excessive because of his lack of a prior criminal record, his eligibility for a probated sentence, and because as originally charged he was exposed to a significantly greater prison sentence. The trial court, without a hearing, denied the motions to reconsider the sentence. We affirm.

Facts

The factual basis stated at the guilty plea by the prosecutor was as follows:
[I]f this matter were to go to trial today, Your Honor, we would show that this defendant did intentionally or criminally mistreat in a ^negligent manner a person who is under the age of 17 and that he is over the age of 17, whereby unjustifiable suffering is caused to the said child. And that we would — we would call witnesses and offer testimony that would show that on or about January 21, 2009, a young girl who was at that time 16 years old had just, as a matter of fact, turned 16 by about two days. That she was in Minden, Webster Parish, Louisiana in the apartment of the defendant. That she was sleeping. That he came into the couch — into the room where she was and that she was masturbating or a conduct that is similar to masturbation. That he came over and sat down on the couch beside her and talked to her. He also — we would offer testimony to show that — that he had touched her in some fashion and that he had present with him a police dog, he being a canine officer, and that the child was afraid of the dog and that she did not resist any of his activity because of the fact that she was concerned and afraid of the dog, plus his size made her not resist any of the activity which he engaged in at that time.
When asked by the trial court if these facts were “substantially correct,” defendant responded, “[y]es, sir.”
Although defendant consistently denied having sexual intercourse with the victim, the victim’s statements are to the contrary. The victim had been entrusted to defendant’s care by her mother, who had a long personal relationship with defendant. The teenager was sleeping on a couch in defendant’s apartment while her mother took her younger sister to a medical appointment. After the victim’s mother left the apartment, defendant, then a Minden Police Officer, entered the room, sat down beside the victim and asked her if “she wanted to play.” He then removed her pants and underwear and had sexual intercourse with her. The victim stated that she told defendant “no,” but she did not fight or scream because she was afraid of defendant’s German Shepherd police dog. *37 The dog was known to attack anyone that acted aggressively toward defendant.[1]
|sThe impact on the victim and her family was detailed in a letter to the court from the victim’s grandmother. She wrote that the victim suffered from episodes of depression and is a changed person as a result of defendant’s actions. Additionally, the young victim continues to be deeply troubled by the incident and fears retribution from defendant. The record in this case reveals that the victim even attempted to harm herself due to the trauma she experienced.[2]
The trial court noted its review of the contents of the PSI, as well as letters from defendant, defendant’s family and the victim’s grandmother. The trial court considered as mitigating factors that defendant was a veteran of the U.S. Marine Corps, had served formerly as an officer with the Bossier City Police Department and Min-den Police Department, and had no prior criminal record.[3] The trial court also considered aggravating factors, namely the seriousness of defendant’s original charges and the negative impact of his actions upon the victim and her family. Further, the court noted that defendant “benefitted greatly from the plea agreement” which allowed him to plead guilty to a lesser offense.

Discussion

Excessive Sentence

Defendant argues that maximum sentences are generally appropriate in cases involving the most serious violation of the offense and the worst |4type of offender. State v. Russell, (La.App.2d Cir.09/26/07), 966 So.2d 154, writ denied, 07-2069 (La.03/07/08), 977 So.2d 897. However, where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in his potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Black, 28,100 (La.App.2d Cir.02/28/96), 669 So.2d 667, writ denied, 96-0836 (La.09/20/96), 679 So.2d 430; State v. Richardson, 446 So.2d 820 (La.App. 2d Cir.1984).
Defendant points to a case from the Third Circuit Court of Appeal, wherein the court held that the defendant’s maximum sentence for cruelty to juveniles was excessive when compared to similarly situated offenders and the nature of the offense. State v. Strother, 09-110 (La.App. 3d Cir.10/07/09), 19 So.3d 598, decision aff'd in part, rev'd in part, 09-2357 (La.10/12/10), 49 So.3d 372. The Louisiana Supreme Court, however, overturned part of the Third Circuit’s ruling, reinstating the maximum sentence originally imposed by the trial court. The supreme court opined that:
[T]he goal of sentence review is not to fine tune the sentence imposed according to what an appellate court may conclude is the more appropriate punishment for the offense and for the particular offender, but to identify those sentences which fail to serve any recognized penological goals of sentenc *38 ing and thus result in the needless infliction of pain and suffering.
State v. Strother, 09-2357 (La.10/22/10), 49 So.3d 372, 382.
In the instant case, the victim had been entrusted to defendant’s care by her mother, who had a long personal relationship with defendant. She |5was threatened by defendant’s size, approximately 5'11" and 250 lbs., and a trained attack dog. There was a severe, lasting impact on this victim who looked up to defendant as a father figure.
Defendant also contends that the sentence is excessive because, although he benefitted from the plea agreement, so too did the state. This argument is without merit. Defendant agreed to plead guilty to the charge of cruelty to juveniles in exchange for the state not seeking to convict of him of the original charges, which carry far more severe penalties. The agreement did not provide for a recommendation of any particular sentence to the trial court. Defendant’s motivation for pleading guilty is only a fact for the trial court to consider.
When this offense and the ten-year hard labor sentence are viewed in light of the harm done to society and the young victim, our sense of justice is not shocked. While defendant was sentenced to the maximum prison term for the pled offense, he also received a significant benefit from his plea agreement, which decreased the maximum possible sentence from sixty to ten years. Forcible rape is punishable by imprisonment at hard labor for not less than five nor more than forty years. La. R.S. 14:42.1(B). Molestation of a juvenile is punishable by a term of imprisonment not less than five nor more than twenty years with or without hard labor and a fine not more than ten thousand dollars. La. R.S. 14:81.2(C). Therefore, the sentence imposed does not reflect a manifest abuse of the trial court’s discretion, nor is it constitutionally excessive.[4]
| ⅛Denial of Motions to Reconsider Sentence
Defendant contends that the trial court erred in denying his two motions to reconsider sentence. We note that defendant provides virtually no support for this argument. Having determined that defendant’s sentence is not constitutionally excessive, we find no error in the trial court’s decision to deny the motions to reconsider sentence.

Conclusion

For the reasons set forth above, defendant’s sentence is AFFIRMED.

. The victim reported the incident two days after it occurred to a counselor at a church camp she attended.

. We note that the victim had suffered depression problems prior to this incident due to abuse from her former stepfather.

.The court did note that Murray had a previous misdemeanor conviction as a teenager resulting from "some high school prank” but had no other criminal history.

. Appellate review of sentences for alleged excessiveness is a two-pronged inquiry. State v. Ashley, 45,563 (La.App.2d Cir.09/22/10), 48 So.3d 332. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1 by establishing a factual basis for the sentence. Id. at 334. The trial court need not articulate every mitigating circumstance, but the record must reflect that the court adequately considered the sentencing guidelines in particularizing the sentence to the defendant. State v. Lathers, 414 So.2d 678 (La.1982); State v. Cass, 46,228 (La.App.2d Cir.04/13/11), 61 So.3d 840.
The second prong is constitutional exces-siveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528 (La.05/16/00), 769 So.2d 1158; State v. Ashley, supra.