WILLIAMS, J.
| ,The defendant, Richard George, was charged by bill of information with three counts of distribution of cocaine, violations of LSA-R.S. 40:967(A). Pursuant to a *287 plea agreement, the defendant pled guilty to one count of distribution of cocaine in exchange for the dismissal of the other two counts. The state also agreed not to file a multiple offender bill of information against the defendant and that the sentence imposed would run concurrent to any other sentence. The district court sentenced defendant to serve 27 years’ imprisonment at hard labor, with the first two years to be served without benefit of parole, probation or suspension of sentence. The defendant appeals his sentence. For the following reasons, we affirm.
FACTS
On three occasions in September 2011, deputies of the Webster Parish Sheriffs Office conducted controlled drug buys with the use of a confidential informant (“C.I.”). The deputies equipped the C.I. with audio and video recording equipment. On each occasion, the C.I. contacted defendant and purchased two rocks of crack cocaine for $40. Subsequently, the defendant was arrested on three counts of distribution of cocaine. After reaching a plea agreement with the state, the defendant pled guilty to one count of distribution of cocaine in exchange for the dismissal of the other counts. The state also agreed not to file a multiple offender bill of information against the defendant. There was no agreement as to the defendant’s sentence other than that the sentence imposed would run concurrent to any other sentence being served.
During the sentencing hearing, the trial court noted the facts of the |aoffense as well as the defendant’s lengthy criminal history. The defendant was classified as a sixth-felony offender whose criminal history dated back to 1981 when the defendant was 17 years old. The trial judge meticulously reviewed the defendant’s criminal history for the record. The defendant’s criminal record included convictions for simple burglary, theft, simple battery, simple robbery, possession of cocaine, attempted possession of marijuana with intent to distribute and two counts of possession of Schedule II controlled dangerous substances with intent to distribute. The trial judge noted that defendant’s prior criminal history included crimes against the person. The court also noted that defendant’s parole had been revoked on numerous occasions due to unsatisfactory performance while on supervised release and that defendant was on parole at the time he committed the instant offense.
In reviewing the defendant’s social history, the trial judge noted that defendant completed the 11th grade and was the father of one child. The defendant’s sporadic work history consisted of a few odd jobs and he was last employed in 2010. The court stated that defendant began selling illegal narcotics in 1994 and that during one period of release defendant failed to attend substance abuse counseling because he did not have transportation to the program. The trial court found that a lesser sentence would deprecate the seriousness of the defendant’s crime. The trial judge also noted that the defendant received a substantial benefit as a result of his plea agreement, specifically that he would not be charged as a multiple offender.
The trial court sentenced the defendant to 27 years’ imprisonment at |3hard labor with the first two years to be served without benefit of parole, probation, or suspension of sentence. The sentence was ordered to be served concurrently with any other sentence. The defendant’s motion to reconsider sentence was denied. This appeal followed.
*288 DISCUSSION
The defendant contends the trial court erred in imposing an excessive sentence. Defendant argues that the sentence is excessive considering the relatively small amount of drugs involved and his acceptance of responsibility for his actions by entering a guilty plea.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46,572 (La.App.2d Cir.9/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App.2d Cir.8/13/08), 989 So.2d 267, writ denied, 08-2697 (La.9/18/09), 17 So.3d 388. The important elements which should be considered are the defendant’s personal history (age, family ties, marital |4status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 03-0518 (La.12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/2/11), 78 So.3d 799.
Second, a sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792; State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. The trial court is given wide discretion in the imposition of sentences within the statutory limits. The sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
The penalty for distribution of cocaine is imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years of the sentence being served without the benefit of parole, *289 probation, or suspension of sentence. In addition, a fine of not more than $50,000 may be imposed. LSA-R.S. 40:967(B).
The defendant’s argument that his sentence is constitutionally excessive is not supported by the record. This sixth-felony offender has continued his criminal behavior despite being afforded numerous opportunities to rehabilitate himself. The defendant has shown that he is unable to curb his criminal behavior, even when faced with further incarceration. Moreover, the defendant received a significant sentencing benefit as a result of his plea agreement. The defendant’s initial sentencing exposure in this instance was a separate sentence for each of the three counts of distribution of cocaine. Further, the defendant was spared an even lengthier sentence because the state agreed not to file a multiple offender bill of information against him.
The defendant’s criminal history is significant, demonstrating his propensity to commit crimes, especially the sale of illegal drugs. The defendant’s argument that this crime involved only a small amount (two |6rocks of crack cocaine) of drugs is not persuasive because the defendant’s illegal drug distribution was not limited to the single drug sale for which he was convicted. The defendant contends he accepted responsibility for his actions by pleading guilty and expressing remorse. However, the defendant’s statement in the presentence investigation report, that selling drugs was the only way he could earn money because he could not get a job, was merely an attempt to excuse his criminal behavior. His statement neither shows remorse nor a willingness to accept responsibility for his actions.
In considering the offense committed, the defendant’s criminal history, and his benefit from the plea agreement, we conclude the trial court did not abuse its discretion in imposing this 27-year sentence, which is not disproportionate to the severity of the offense. Thus, we cannot say the sentence imposed for this defendant is constitutionally excessive. The assignment of error lacks merit.
We have examined the record for error patent and found none.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.