PITMAN, J.
| defendant, Trent D. Smith, pled guilty to attempted second degree kidnapping, in violation of La. R.S. 14:44.1 and 14:27. Defendant was sentenced to serve 20 years at hard labor. Defendant now appeals his sentence as excessive. For the reasons stated herein, we affirm.

FACTS

On October 8, 2011, at approximately 11:30 p.m., the victim, Miranda Thomas, parked her vehicle in a parking lot at 600 Market Street in Shreveport. Defendant immediately parked his vehicle alongside hers. As Thomas exited her vehicle, De *1275 fendant approached her and ordered her to get into his car. Defendant applied an electronic control device or “stun gun”[1] to her back and stomach areas, picked her up and forcibly put her into his car in the front seat on the passenger’s side. Thomas could not get the passenger’s side door to open from the inside, nor could she lock the door manually.
Realizing that the keys to Defendant’s car were in the ignition and that the vehicle was still running, Thomas grabbed the keys and escaped through the driver’s side door. She ran, while screaming for help, to the nearby Phoenix Underground nightclub. Defendant did not chase her, but ran away instead. When Thomas determined that Defendant was not following her, she reported to 911 on her telephone that she had been attacked with a “Taser” in a parking lot.
When the police responded to Thomas’s 911 call, Defendant approached them and denied attacking Thomas. Thomas, however,_[¿dentified Defendant as the man who had attacked her, and Defendant was arrested and charged with second degree kidnapping.
Trial was set for July 23, 2012. Defendant appeared in court and, pursuant to a plea bargain agreement, pled guilty to the reduced charge of attempted second degree kidnapping. Under the terms of the plea agreement, the state agreed to allow Defendant to plead guilty to the reduced charge and to seek no sentencing enhancement or file a multiple offender bill. There was no agreement as to sentencing, and Defendant acknowledged that the maximum term of imprisonment possible was 20 years. Defendant agreed with the factual basis for his plea as presented by the state, and the trial court accepted Defendant’s guilty plea as freely and voluntarily given. Sentencing was set for August 1, 2012.
Prior to the sentencing hearing, Defendant submitted a sentencing memorandum providing information on his personal history, his family and his criminal history. Letters of support from Defendant’s aunts, cousins, brother and friends were submitted.
At the hearing, testimony was given by Officer Daniel Albrecht, the patrol officer dispatched to the scene. Officer Albrecht described Thomas as distraught and crying, with scratches on her face and marks on her stomach area and arm. The stun gun was found in the parking lot near the vehicles of Thomas and Defendant. Officer Albrecht testified that Defendant approached him with his hands up claiming that he had not harmed Thomas, but Defendant was arrested after Thomas identified him as her attacker.
1 ¡¡Thomas also testified at the sentencing hearing and stated that Defendant tased her three times before he forcibly put her in his car. She described her escape from the car, and the 911 recording was admitted into evidence and played in court. Thomas testified that she had burns on her stomach from the stun gun, bruises on her knees, scrapes on her feet and scars that remained on her face.
Defendant presented a DVD video of statements by his wife, mother, and other family members. The video witnesses spoke in his support and discussed his relationship with his three-year-old daughter. Defendant spoke briefly and apologized for any grief he had caused and asked for the court’s mercy.
*1276 The trial judge considered the evidence presented and noted that Defendant had pled guilty to a lesser charge, which reduced his maximum sentence exposure from 40 years to 20 years. The trial judge also noted that Defendant benefítted from the state’s agreement not to charge him as a fourth felony habitual offender, which would have subjected him to a term of life imprisonment.
The trial judge reviewed the facts of the case and characterized the use of the stun gun as “absolutely horrendous.” He stated that, although the question was unanswered, common sense led to the conclusion that what Defendant intended to do with Thomas was something “extremely violent” and “brutal.”
The trial judge reviewed Defendant’s criminal history, which began with his first felony of aggravated battery in 1992, followed by several [4misdemeanors from 1993 through 1995, and the second and third felonies of armed robbery and felony theft in 1997. After reviewing the sentencing guidelines found in La. C. Cr. P. art. 894.1, the trial judge found that there was an undue risk Defendant would commit another crime and that he was in need of correctional treatment. He also found that any lesser sentence than the one imposed would deprecate the seriousness of the crime and that Defendant’s conduct manifested deliberate cruelty to his victim. The trial judge further noted that Defendant used actual violence in committing his crime and that, considering his history of extreme criminal acts, Defendant was unlikely to respond affirmatively to probation since prior probations had proved to be ineffective. The trial judge concluded that “the maximum possible sentence is the only sentence that is appropriate” and sentenced Defendant to 20 years’ imprisonment at hard labor, with credit for time served.
Defendant filed a motion to reconsider sentence, arguing only that his sentence was excessive. The trial court denied the motion and noted that Defendant had substantially benefitted from his plea to a reduced charge and the state’s promise not to file a multiple offender bill. The trial court further found that Defendant’s random attack on a helpless young woman in a public place outweighed any potential mitigating factors. This appeal followed.

\r,DISCUSSION

Excessive Sentence

Defendant complains that the maximum sentence of 20 years’ imprisonment at hard labor is unduly harsh and excessive because: (1) he is not the worst of offenders, (2) the sentence creates a hardship on his wife and child, (3) the sentence is a needless infliction of pain and suffering and (4) mitigating factors should have been given more weight and a lesser sentence imposed.
In opposition, the state argues that the trial court had sufficiently considered all mitigating factors, having reviewed the letters submitted on Defendant’s behalf by his family and friends, as well as the video of statements by Defendant’s wife and family, noting the hardship to his family. However, the aggravating factors, i.e. Defendant’s prior convictions, the violent nature of the instant offense, as well as the substantial benefit he received in pleading guilty to a lesser charge and not being charged as a fourth felony habitual offender, show that the imposed sentence was not shocking to the sense of justice or out of proportion to the seriousness of the offense or a purposeless/needless infliction of pain and suffering.
La. R.S. 14:44.1, second degree kidnapping, states:
*1277 A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
|fi(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
C. Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years. At least two years of the sentence imposed shall be without benefit of parole, probation, or suspension of sentence.
La. R.S. 14:27, attempt, states:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immatei'ial whether, under the circumstances, he would have actually accomplished his purpose.
C. An attempt is a separate but lesser grade of the intended crime; and any person may be convicted of an attempt to commit a crime, although it appears on the trial that the crime intended or attempted was actually perpetrated by such person in pursuance of such attempt.
D. Whoever attempts to commit any crime shall be punished as follows:
_b!
(3)In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fíne, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Watson, 46,572 (La.App.2d Cir.9/21/11), 73 So.3d 471. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d *1278 Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Taves, 03-0518 (La.12/3/03), 861 So.2d 144; State v. Caldwell, 46,718 (La.App.2d Cir.11/2/11), 78 So.3d 799.
The second prong of the test requires that a determination be made regarding the constitutional excessiveness of a sentence. A sentence | ¡¡violates La. Const. Art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Washington, 46,568 (La.App.2d Cir.9/21/11), 73 So.3d 440, writ denied, 11-2305 (La.4/27/12), 86 So.3d 625.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792. The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
19Where the defendant’s motion to reconsider sentence alleges mere exces-siveness of sentence, on appeal, the reviewing court is limited to considering whether the sentence is constitutionally excessive. State v. Mims, 619 So.2d 1059 (La.1993); State v. Boyd, 46,321 (La. App.2d Cir.9/21/11), 72 So.3d 952.
Maximum sentences are generally reserved for the worst offenses and offenders. State v. Cozzetto, 2007-2031 (La.2/15/08), 974 So.2d 665; State v. McKinney, 43,061 (La.App.2d Cir.2/13/08), 976 So.2d 802. However, in cases where the defendant has pled guilty to an offense which does not adequately describe his conduct, the general rule does not apply and the trial court has great discretion in imposing the maximum sentence possible for the pled offense. This is particularly true in cases where a significant reduction in potential exposure to confinement has been obtained through a plea bargain and the offense involves violence upon a victim. State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430.
Under constitutional review, a sentence can be excessive, even when it falls within statutory guidelines, if the punishment is so grossly disproportionate to the severity of the crime that it shocks the sense of justice and serves no purpose other than to inflict pain and suffering. State v. Fatheree, 46,686 (La.App.2d Cir.11/2/11), 77 So.3d 1047.
*1279 The 20-year sentence imposed in this case is within the sentencing range of 0-20 years allowed under La. R.S. 14:44.1 and 14:27 for attempted |insecond degree kidnapping. The maximum sentence was imposed, and it is neither statutorily nor constitutionally excessive.
The mitigating factors were thoroughly reviewed in this matter. The trial court accepted evidence from the defense in the form of statements from Defendant’s family and friends describing him as a devoted husband, father and family member. The trial court, however, found that the aggravating factors of Defendant’s crime, including its extremely violent nature, outweighed the mitigating factors. The trial court also noted that Defendant’s criminal history showed a pattern of escalating violence through the years and that Defendant had received a substantial benefit from the plea bargain agreement offered by the state since he would have faced a life sentence had the state chosen to try him and to file a habitual offender bill against him as a fourth felony offender.
Based on the facts as stated by the trial court, the maximum sentence imposed is not disproportionate to the severity of this violent crime and does not shock the sense of justice. Therefore, this assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the conviction and sentence of Defendant, Trent D. Smith, are affirmed.
AFFIRMED.

. Although the record refers to the electronic control device as a "Taser,” the device was actually a generic stun gun.