## NOT FOR PUBLICATION

### STATE OF LOUISIANA
### COURT OF APPEAL, THIRD CIRCUIT

### 13-715

**STATE OF LOUISIANA**

**VERSUS**

**ALBERT MEAUX, JR.**

**\*\*\*\*\*\*\*\*\*\***

### APPEAL FROM THE
### FOURTEENTH JUDICIAL DISTRICT COURT
### PARISH OF CALCASIEU, DOCKET NO. 4690-11
### HONORABLE CLAYTON DAVIS, DISTRICT JUDGE
**\*\*\*\*\*\*\*\*\*\***

### SYLVIA R. COOKS
### JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, J. David Painter and Shannon J. Gremillion, Judges.

**AFFIRMED.**

John F. Derosier, District Attorney
Carla S. Sigler, Assistant District Attorney
Cynthia Clay Guillory, Assistant District Attorney
Karen C. McLellan, Assistant District Attorney
901 Lakeshore Drive, Suite 800
Lake Charles, LA 70601
(337) 437-3400
**ATTORNEY FOR APPELLEE**
   State of Louisiana

Edward K. Bauman
Louisiana Appellate Project
P.O. Box 1641
Lake Charles, LA 70602
(337) 491-0570
**ATTORNEY FOR DEFENDANT/APPELLANT**
   Albert Meaux, Jr.

**COOKS, Judge.**

## FACTS AND PROCEDURAL HISTORY

Defendant, Albert Meaux, Jr., is the stepfather of the minor victim, B.J. The victim alleged that Defendant made her watch a pornographic movie with him and then took her to his room and touched her. B.J. remembered that he put "creamy feeling stuff on [her] private area," and that "he licked between her legs."

Defendant was charged by a bill of indictment with two counts of aggravated rape, violations of La.R.S. 14:42(A)(4). Defendant was arraigned and entered a plea of not guilty. As part of a plea negotiation, the State amended the bill of indictment to reflect that Defendant was charged with one count of cruelty to a juvenile, a violation of La.R.S. 14:93. The State *nolle prossed* count two.

Defendant then entered a plea of *nolo contendere* to the amended charge. After the trial court advised Defendant of the *Boykin* rights that he was giving up by pleading guilty, the trial court found Defendant made a knowing and intelligent decision in his best interest and accepted the *nolo contendere* plea. In return for his agreement to plead *nolo contendere*, the State agreed not to file a habitual offender bill. The trial court ordered a presentence investigation report.

Defendant was sentenced to the maximum sentence of ten years imprisonment in the custody of the Louisiana Department of Corrections. Defense counsel objected to the sentence but did not offer support for the objection and gave notice to the court that Defendant intended to file a motion to appeal. Defense counsel did not file a motion to reconsider sentence.

A motion for appeal was filed five days later. In a brief filed by appellate counsel, Defendant is now before this court asserting two assignments of error. Therein, Defendant contends ineffective assistance of counsel and that he received a constitutionally excessive sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, Defendant contends he received ineffective assistance of counsel. He asserts defense counsel erred in two respects: 1) Defense counsel waived Defendant's appearance at the sanity hearing and stipulated to the reports of both doctors; and 2) he failed to file a motion to reconsider sentence or allege that the trial court failed to comply with La.Code Crim.P. art. 894.1.

The issue of ineffective assistance of counsel is more appropriately addressed in an application for post-conviction relief where an evidentiary hearing can be conducted in the trial court. *State ex rel. A.B.,* 09-870 (La.App. 3 Cir. 12/9/09), 25 So.3d 1012. However, when an ineffective assistance claim is raised on appeal, this court may address the merits of the claim if the record discloses sufficient evidence to rule on it. *Id.* If this court considers a claim of ineffective counsel on appeal, the defendant must satisfy a two-part test. He must first show counsel's performance was deficient and second, that the deficiency prejudiced him. St*rickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). We find the record is sufficient to address the particular ineffective assistance claims made by Defendant.

Defendant alleges his counsel should have consulted with him before stipulating to the doctors' reports and waiving his presence at the sanity hearing. Defendant's brief on appeal states: "Although it is difficult to prove the prejudice he suffered, Albert submits that due process requires at the very least that he be consulted before his counsel stipulates to reports and waives his presence at any hearing." Even if this is true, Defendant has not shown how he was prejudiced by

3

that action. He has not shown how, but for the defense attorney's action in the sanity hearing, the outcome would have been different.

Defendant was represented by two attorneys before Mr. Andrew Casanave was appointed to represent him after February 27, 2012. Despite having counsel, Defendant filed several *pro se* motions on various issues, because he believed that he could represent himself better than his appointed counsel. Defense counsel filed a Motion to Appoint Sanity Commission on April 4, 2012. On the record, the defense attorney stated that he requested the sanity hearing because of the trouble he was having with Defendant and that Defendant was not in favor of the hearing. The trial court set the sanity hearing for April 25, 2012, and appointed two doctors to independently evaluate Defendant. Both doctors found Defendant was competent to stand trial according to the standards set forth in *State v. Bennett*, 345 So.2d 1129 (La.1977).

As already mentioned, Mr. Casanave waived Defendant's presence and stipulated to the doctors' reports. This court has previously determined:

> A hearing to determine mental competency is the result of a preliminary motion addressed to the trial court. *State v. McClintock,* 535 So.2d 1231 (La.App. 3 Cir.1988), *writ granted on other grounds,* 538 So.2d 606 (La.1989). *See* La.Code Crim.P. art. 642. *See also State v. Hernandez,* 98-448 (La.App. 5 Cir. 5/19/99); 735 So.2d 888, *writ denied,* 99-1688 (La.11/12/99); 750 So.2d 194; *State v. Ellis,* 529 So.2d 122 (La.App. 4 Cir.1988). Thus, we conclude that there is no statutory requirement that a defendant must be present at a competency hearing.

> Moreover, jurisprudence indicates that there is no violation of a defendant's constitutional due process rights when he is absent from competency hearings. In addressing the issue of a defendant's right to be present at such preliminary hearings, the Louisiana Supreme Court in *State v. Kahey,* 436 So.2d 475, 483-84 (La.1983), explained:

>> Presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only. Therefore, the presence of the defendant is only essential at proceedings which have a reasonably substantial relation to the fullness of the opportunity of the defendant to defend against the charge. *Snyder v. Commonwealth of*

4

> *Massachusetts,* 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). From this principle has emerged the general rule that no claim of error, or at least no claim of prejudicial error, can be based upon the exclusion of absence of a defendant, pending his trial on a criminal charge, from the courtroom, or from a conference between court and attorneys, during argument on or discussion of a *question of law.* See C. Torcia, Wharton's Criminal Procedure § 483 at 342 (12 th ed.1975); 85 A.L.R.2d 1111, 1114. Cf. *State v. Monk,* 315 So.2d 727 (La.1975); *State v. LeBlanc,* 116 La. 822, 41 So. 105 (1906); *State v. Pierre,* 39 La.Ann. 915, 3 So. 60 (1887).

> The Louisiana rule affords the defendant greater rights. Louisiana Code of Criminal Procedure article 834 provides that the defendant has the right to be present during the making, hearing of, or ruling on a preliminary motion or application addressed to the court. But this right *may be waived* by the defendant or his attorney, by his voluntary absence or his failure to object to argument or discussion during his absence. See *Deschenes v. United States,* 224 F.2d 688 (10th Cir.1955). Cf. La.C.Cr.P. art. 831(6); Torcia, *supra,* at 388, 342.

*State v. Frank*, 99-903, pp. 5-6 (La.App. 3 Cir. 2/2/00), 758 So.2d 838, 841-42, *writ denied,* 00-696 (La. 9/29/00), 769 So.2d 1219, *cert. denied*, 531 U.S. 1196, 121 S.Ct. 1201 (2001). In *Frank*, this court did not specifically address competency hearings under the two-prong test of *Strickland*. However, it follows that if a defendant's presence can be waived, the defense attorney in this case had the ability to waive Defendant's presence.

The sanity hearing occurred on April 25, 2012, as scheduled. At the hearing, the following transpired:

Mr. Casanave:

> 22063 – 10. But either way, I - - Andrew Casanave on behalf of Mr. Meaux, who is not in the room, but he is in holding, and I will repeat this when he is brought up this afternoon. But I will state for the record that I will stipulate to these reports. Ms. Guillory has the originals, and I will have no problem with her introducing the originals to Judge Davis after lunch.

> . . . .

5

The Court:

Okay. Mr. DeRosier, are you in agreement with those things?

Mr. DeRosier:

Yes, sir.

Later the sanity hearing resumed, and the following colloquy occurred between the parties:

Mr. Casanave:

Yes. Your Honor, I don't know if Mr. Meaux is upstairs. And I'm going to stipulate - - I don't know if we need him in the room for this.

The Court:

Okay.

Mr. Casanave:

But I will tell - - and I did tell Judge Ware also, so that the doctors could go on, - -

The Court:

Thank you.

Mr. Casanave:

- - that we are stipulating to what is in the reports. Both doctors state that Mr. Meaux is competent to proceed.

The Court:

Okay.

Mr. Casanave:

And for what it's worth, I filed that kind of against Mr. Meaux's will. Because of difficulties we were having, I wanted to establish - -

The Court:

Certainly.

Mr. Casanave:

- - that he wasn't insane - -

6

The Court:

Yes.

Mr. Casanave:

- - and incompetent to proceed before I could - -

The Court:

Right.

Mr. Casanave:

And - - but we understand, both doctors say he meets the Bennett criteria; they're psychiatrists, I'm not, I will defer, and I am sure you will rule accordingly.

The Court:

Yes, sir, I will.

. . .

Mr. Casanave:

Your Honor - - and if the Court doesn't need him in the courtroom for this - - he's upstairs in the holding area, it would take a while.

The Court:

I don't need him, but I don't want to run afoul of any requirements. But you all have to tell me. And if you're willing to waive - -

Mr. Casanave:

I'm willing to waive his presence and - -

The Court:

I think you're fine then.

Mr. Casanave:

- - I will explain to him why I've done, and - -

The Court:

You have copies you can show him.

Mr. Casanave:

Yes.

The Court:

And if you want to follow-up with anything, that's up to you. I greatly appreciate your agreeing to allow the reports, so that we could let the doctors go.

We find Defendant's allegation of ineffective assistance of counsel based on counsel's waiver of his presence at the sanity hearing did not meet both prongs of the *Strickland* test. Defendant has not been able to show, through his due process argument, that he was prejudiced by the determination that he was competent to stand trial. Thus, there is no merit to this claim.

Defendant's second claim is that he received ineffective assistance of counsel when the defense attorney did not file a motion to reconsider sentence. This court has stated:

A failure to file a motion to reconsider sentence does not in itself constitute ineffective assistance of counsel. However, if the defendant can "show a reasonable probability that, but for counsel's error, his sentence would have been different," a basis for an ineffective assistance claim may be found. *State v. Hayes,* 97-1526 (La.App. 1 Cir. 5/15/98); 712 So.2d 1019, 1022.

*State v. Texada*, 98-1647, p. 18 (La.App. 3 Cir. 5/5/99), 734 So.2d 854, 864. The defense attorney did object to the sentence, but he did not file a motion to reconsider sentence.

Defendant's only argument as to how he was prejudiced is that because of counsel's failure, this court cannot review the issue. This argument does not meet the prejudice prong of *Strickland*. Defendant has not proven how it is likely that his outcome would have been different, i.e., this court would rule in his favor if defense counsel filed the motion to reconsider sentence. The sentences will be discussed in more detail in Defendant's next assignment of error pertaining to excessive sentence.

8

Defendant also argues that because of this failure to file a motion to reconsider sentence, "the trial court failed to consider any mitigating or aggravating factors prior to imposing the maximum sentence in accordance with La.Code Crim.P. art. 894.1." However, the record indicates the trial court did take into account mitigating and aggravating circumstances, including reviewing the pre-sentence investigation report and a statement by the mother of the victim asking for the maximum sentence.

For the reasons stated, we find Defendant's claim of ineffective assistance of counsel is without merit.

### ASSIGNMENT OF ERROR NO. 2

In his second assignment of error, Defendant contends the trial court erred in imposing a constitutionally excessive sentence. Defense counsel objected to the sentence imposed, generally, but failed to file a motion to reconsider the sentence. This court can find that this failure bars consideration pursuant to La.Code Crim.P. art. 881.1(E), which states:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Despite La.Code Crim.P. art. 881.1(E), this court has chosen to review sentencing claims, when no motion to reconsider was filed or no ground specified in the motion, as a bare claim of excessiveness. *See State v. Johnlouis*, 09-235 (La.App. 3 Cir. 11/4/09), 22 So.3d 1150, *writ denied*, 10-97 (La. 6/25/10), 38 So.3d 336, *cert. denied*, __ U.S. __, 131 S.Ct. 932 (2011); *State v. Thomas*, 08-1358 (La.App. 3 Cir. 5/6/09), 18 So.3d 127; *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied*, 09-1955 (La. 6/25/10), 38 So.3d 352; *State v. H.J.L.*, 08-823 (La.App. 3 Cir. 12/10/08), 999 So.2d 338, *writ denied*, 09-606 (La. 12/18/09), 23 So.3d 936; *State v. Quinn*, 09-1382 (La.App. 3 Cir. 5/12/10), 38

So.3d 1102, *writ denied*, 10-1355 (La. 1/7/11), 52 So.3d 885. Thus, we will review Defendant's argument as a bare claim of excessiveness.

In *State v. Whatley*, 03-1275, pp. 5-6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 958-59, this court explained the analysis on a bare claim of excessiveness:

> The Eighth Amendment to the United States Constitution and La. Const. art. I, § 20 prohibit the imposition of cruel or excessive punishment. " '[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.' " *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) (quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Still, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713…The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La.5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> The fifth circuit, in *Lisotta*, 726 So.2d at 58, stated that the reviewing court should consider three factors in reviewing the trial court's sentencing discretion:

> 1. The nature of the crime,

> 2. The nature and background of the offender, and

> 3. The sentence imposed for similar crimes by the same court and other courts.

Even when a sentence falls within the statutory sentencing range, it still may be unconstitutionally excessive. In determining whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has suggested that several factors may be considered:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061. This court in *State v. Edwards*, 07-1058, p. 7 (La.App. 3 Cir. 3/12/08), 979 So.2d 623, 628, *writ denied*, 08-2693 (La. 9/18/09), 17 So.3d 391, explained that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." (quoting *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225.)

In *State v. Murray*, 46,895 (La.App. 2 Cir. 1/25/12), 86 So.3d 35, the defendant sexually abused the daughter of the woman he was dating and accepted a plea deal to a lesser charge of cruelty to a juvenile. That defendant did not have a prior criminal record, and the second circuit affirmed his maximum sentence. The court reasoned:

> When this offense and the ten-year hard labor sentence are viewed in light of the harm done to society and the young victim, our sense of justice is not shocked. While defendant was sentenced to the maximum prison sentence for the pled offense, he also received a significant benefit from his plea agreement, which decreased the maximum possible sentence from sixty to ten years. Forcible rape is punishable by imprisonment at hard labor for not less than five nor more than forty years. La.R.S. 14:42.1(B). Molestation of a juvenile is punishable by a term of imprisonment not less than five nor more than twenty years with or without hard labor and a fine not more than ten thousand dollars. La.R.S. 14:81.2(C). Therefore, the sentence imposed does not reflect a manifest abuse of the trial court's discretion, nor is it constitutionally excessive.

*Murray*, 86 So.3d at 38 (footnote omitted). In *Murray*, the trial judge considered "[t]he impact on the victim and her family…detailed in a letter to the court from the victim's grandmother." *Id.* at 37. Similarly, the trial judge in this case considered the victim impact statement of the mother of the victim in determining whether to give Defendant the maximum sentence.

This court has previously compared sentences in cases where the defendant has pled guilty to a lesser charge. This court has found that "when the offense to which the defendant has pled guilty inadequately describes the entire course of the defendant's conduct, the court may consider the benefit obtained by the defendant

11

through the plea bargain." *State v. Williams*, 02-707, p. 8 (La.App. 3 Cir. 3/5/03), 839 So.2d 1095, 1101 (citing *State v. Lanclos*, 419 So.2d 475 (La.1982)).  When a defendant has received a reduction in the potential length of incarceration, the trial court's discretion to impose the maximum sentence is enhanced.  *Edwards*, 979 So.2d 623.

Here, Defendant received a significant reduction in sentencing exposure when the State reduced the charges.  Defendant was originally charged with two counts of aggravated rape, which would have carried a sentence of life imprisonment if found guilty, since the victim was under the age of thirteen at the time of the commission of the crime.  On the same day that Defendant entered a plea of *nolo contendere*, the State amended the bill of indictment to reflect that the Defendant was charged with one count of cruelty to a juvenile, a violation of La.R.S. 14:93.  The State *nolle prossed* count two.  In return for agreeing to plead *nolo contendere*, the State agreed not to file a habitual offender bill.

Defendant clearly understood that, under the circumstances, it was in his best interest to plead *nolo contendere*, because it would lessen his sentencing exposure to much less than if he went to trial on his initial charges.

A sentencing hearing was held in this matter on February 1, 2013.  At the time the Defendant pled *nolo contendere*, the State set forth the following factual basis:

> Your Honor, if called to trial, the State would prove that between the dates of August 1st, 2005 to May 17, 2006, this defendant did criminally -- in a criminally negligent manner mistreat or neglect a minor child, his daughter, initials BJ, date of birth, 12/28/96, he being over the age of 17, the child being under the age of 17 causing unjustifiable pain or suffering to said minor child, all occurring in the parish of Calcasieu.

Defense counsel, Mr. Casanave replied:

> Your Honor, first of all, the child is not his child. It's a stepchild. But, second of all, Mr. Meaux does not admit but he acknowledges that a

12

court could find him guilty of facts that would - - could be concluded to be cruelty to juveniles.

At the hearing on February 1, 2013, the court heard an argument from the defense attorney asking for leniency, the State asking for the maximum sentence, and testimony from the victim's mother. The following is an excerpt of the victim impact statement by the victim's mother, S.B.:

S.B.:

My child is going through therapy still over this ordeal.

The Court:

Yeah.

S.B.:

She's terrified. And it involved not just one child but the whole household, two children involved. You know, it's - - it's just - - I'm trying to comfort a child that has gone through an ordeal.

The Court:

How old is she now?

S.B.:

She's now 16, sir.

The Court:

Is she the child of the two of you?

S.B.:

No. That is the younger one.

The Court:

Okay. Anything else you want to say?

S.B.:

No. I'm just thinking of the best for both children involved.

The Court:

And what would that be?

13

S.B.:

The max. Let my child grow and mature and overcome it the best she can. Thank you.

The Court:

Thank you, ma'am. Okay.

There is sufficient evidence in the record indicating the court did consider mitigating and aggravating circumstances before imposing the maximum sentence on Defendant. The trial court had the discretion to give Defendant the maximum sentence, especially in light of the fact the plea deal lessened Defendant's sentencing exposure and the nature of the crime. The trial judge did not abuse his discretion when he assessed the facts and determined that Defendant should receive the maximum sentence.

## DECREE

For the foregoing reasons, Defendant's sentence is affirmed.

**AFFIRMED.**