STEWART, J.
|,As a result of a plea agreement, the defendant, Tina Free, pled guilty to forgery, a violation of La. R.S. 14:72. She was sentenced to seven years’ imprisonment at hard labor, consecutive to any other sentence. The defendant now appeals. For the reasons discussed below, we affirm the defendant’s conviction and sentence.
FACTS
Between February 2009 and June 2009, the defendant stole several of Harland Payne’s checks from his truck in Webster Parish, forged the checks, and either cashed them, or had someone else cash them.[1] She received approximately $1,238.00 from the stolen checks.
The defendant was charged with monetary instrument abuse pursuant to La. R.S. 14:72.2. Pursuant to a plea agreement, she pled guilty to forgery, a violation of La. R.S. 14:72.
During the sentencing hearing, which took place on November 29, 2010, the trial judge noted the facts of the instant offense, as well as Payne’s son’s desire that a “stiff penalty” be imposed on someone who would prey on an elderly person. Payne was 75 years old at the time of the offense. The trial judge recognized the defendant’s lengthy criminal history, which included prior felony convictions for forgery, simple burglary, and simple burglary of an inhabited dwelling. The presentence investigation revealed that the defendant was classified as a third felony offender, although she actually had seven felony convictions. Moreover, the defendant was on Izprobation for a previous felony conviction of illegal possession of stolen things at the time that the current offense occurred.
*31 Following the sentencing hearing, the defendant was sentenced to seven years’ imprisonment at hard labor, to be served consecutive to any other sentence. A timely motion to reconsider sentence was denied. The instant appeal ensued.
LAW AND DISCUSSION
In the defendant’s sole assignment of error, she asserts that the trial court erred by imposing an excessive sentence.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court will not set aside a sentence as excessive. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. McCall, 37,442 (La.App.2d Cir.8/20/03), 852 So.2d 1162, writ denied, 04-0039 (La.12/17/04), 888 So.2d 858. On review, the appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show, as it does here, that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that it adequately considered the guidelines of the article. State v. Smith, 483 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App.2d Cir.6/24/98), 715 So.2d 641.
IsThe articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Haley, 38,258 (La.App.2d Cir.04/22/04), 873 So.2d 747, writ denied, 2004-2606 (La.06/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La.App.2d Cir.3/1/00), 754 So.2d 392, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, the determination of whether the sentence imposed is too severe is contingent upon the circumstances of the case and the background of the defendant. A sentence violates La. Const. Art. 1, § 20 when it imposes a punishment grossly disproportionate to the severity of the offense or constitutes nothing more than needless infliction of pain and suffering. State v. Smith, 2001-2574 (La.1/14/03), 839 So.2d 1. A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
I/Fhe record shows that the trial court considered the aggravating and mitigating circumstances, thereby complying with La. C.Cr. P. art. 894.1, and tailored the sentence to the instant offense and this offender. The presentence investigation report reviewed by the trial court indicates that the background of the defendant and the circumstances of the case support the seven-year sentence. As stated in the facts section above, the defendant was named a third felony offender in the pre-sentence investigation report, but she actu *32 ally had seven felony convictions. The instant offense is not an isolated incident, but rather involves several incidents of the defendant cashing forged checks over the span of several months.
After reviewing the record, we find that the defendant’s sentence is not constitutionally excessive. The imposition of the seven-year consecutive sentence is not grossly disproportionate to the severity of the offense, nor is it shocking to the sense of justice. The assignment of error bears no merit.
CONCLUSION
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. Codefendants Carl Hood, Tiffany Hood, Sue Howard, Russel Neal, and Susan Trichel were also charged in connection with the instant offense.