CARAWAY, J.
liBy amended bill of information, Leland Warmack was charged and ultimately convicted of aggravated incest and molestation of a juvenile. He was sentenced to concurrent sentences of 60 years at hard labor (aggravated incest) and 30 years at hard labor (molestation of a juvenile) each without the benefit of parole, probation or suspension of sentence. Warmack appeals alleging that the imposed sentences are excessive. We affirm.

Facts

On January 23, 2013, a mother called police to report that her 11-year-old daughter was acting strange and had written some notes alleging that Leland War-mack had inappropriately touched her, forced her to engage in sexual-related activity, shown her pornographic materials and other sexual items. The child was interviewed regarding the sexual allegations.[1] Based on this interview, a search of Warmack’s home was conducted and confirmed the location of the items described by the victim.
Warmack was subsequently charged with aggravated incest in violation of La. R.S. 14:78.1[2] and molestation of a juvenile in violation of La. R.S. 14:81.2. Testimony against him included that of the investigating officers, a medical expert in child abuse examination and the victim. Additionally, two inmates housed with War-mack testified that he had admitted to them that he had sexually abused the child and that he planned Lon punishing her for telling police about the abuse. In his de *426 fense, Warmack presented the testimony of his mother-in-law, one of the investigating officers and his former defense attorney. After considering the testimony and evidence, a unanimous jury convicted War-mack of both charges.
On August 4, 2014, 50-year-old War-mack was sentenced. Prior to sentencing, the trial court heard statements from the child’s aunts who stated that the girl has suffered greatly as the result of defendant’s actions and asked that Warmack be given the maximum sentence. Warmack’s mother requested that her son be afforded probation in lieu of incarceration, which would allow him to undergo professional treatment. The court then noted its review of letters and statements submitted on behalf of the victim and defendant. Warmack was allowed to make a statement in which he denied guilt and professed his love for the child.
Thereafter the court noted its consideration of Warmack’s presentence investigation report (PSI), which contained a history of his personal and criminal record. Warmack was a high school graduate and received an associate degree in business. He was married twice and was the father of two children. He suffered from Hepatitis C, cirrhosis of the liver and narcolepsy. The court took into account that at the time the crimes began, the victim was seven years old and only ten when she came forward. The court stressed that Warmack had shown no remorse for his actions. Review of Warmack’s criminal history by the court included four (misdemeanor) DWI convictions and a guilty plea to resisting an officer.
laThe court considered the sentencing factors of La.C.Cr.P. art. 894.1, concluding that Warmack was in need of correctional treatment provided most effectively by commitment to an institution and that a lesser sentence would deprecate the seriousness of the crime. The trial court took into account that Warmack knew the victim was particularly vulnerable and incapable of resistance due to extreme youth and that he used his status as her father to facilitate the commission of the crimes. The court concluded that the letters submitted indicated that the child had suffered permanent severe emotional injury and that no grounds existed which would excuse or justify the criminal conduct. After taking into account the seriousness of the offense and Warmack’s first felony status, the court sentenced Warmack to concurrent sentences of 60 years at hard labor for the aggravated incest conviction and 80 years at hard labor for his molestation of a juvenile conviction. Both sentences were imposed without the benefit of parole, probation or suspension of sentence. War-mack was also verbally informed of his obligation, upon release, to register as a sexual offender for the rest of his life.
On August 8, 2014, Warmack filed a motion to reconsider his sentences, arguing that they were excessive and disproportionate to the offenses committed. Upon denial of his motion, Warmack lodged this appeal, complaining that his sentences are excessive.

Discussion

Warmack argues that his sentences are excessive because at 50 years old, he will never be a free man again. He contends that the trial court did |4not adequately consider the fact that he is a first felony offender and has health problems.[3] *427 As such, he concludes that his sentences are excessive and disproportionate to the crimes committed.
A sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La.1/15/02), 805 So.2d 166; State v. Woods, 49,031 (La.App.2d Cir.5/14/14), 139 So.3d 1085, writ denied, 14-1130 (La.1/9/15), 157 So.3d 597.
The trial court is given wide discretion in the imposition of sentences within the statutory limits. Such a sentence will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; Woods, supra; State v. Brooks, 49,033 (La.App.2d Cir.5/7/14), 139 So.3d 571, writ denied, 14-1194 (La.2/13/15), 159 So.3d 459.
On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court |fiabused its discretion. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
At the time of Warmack’s offense, La. R.S. 14:78.1 provided:
Whoever commits the crime of aggravated incest on a victim under the age of thirteen years when the offender is seventeen years of age or older shall be punished by imprisonment at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without benefit of parole, probation or suspension of sentence.
Additionally, the sentencing provisions of La. R.S. 14:81.2 state:
Whoever commits the crime of molestation of a juvenile when the victim is under the age of thirteen years shall be imprisoned at hard labor for not less than twenty-five years nor more than ninety-nine years. At least twenty-five years of the sentence imposed shall be served without the benefit of parole, probation or suspension of sentence.
We find that the imposed sentences are not unconstitutionally excessive and appropriately tailored to this defendant. The midrange and lower end sentences afforded Warmack reduced sentencing exposure from the 99-year maximum sentences available for either conviction. Furthermore, although the crimes occurred on different days, the trial court imposed concurrent sentences. As noted by the sentencing court, Warmack victimized a particularly vulnerable child who was incapable of resistance due to extreme youth. He used his status as her father to facilitate the commission of crimes which caused the child permanent and severe emotional injury. Given the devastating facts of this case, the trial court was well within its discretion in imposing the chosen sentences. Accordingly, this assignment of error lacks merit.
| ,A review of the record reveals that the trial court did not properly comply with the sex offender notification re *428 quirements outlined in La. R.S. 15:543. La. R.S. 15:542 provides registration requirements for sex offenders, including those convicted of aggravated incest and molestation of a juvenile under La. R.S. 15:541. Moreover, La. R.S. 15:543 requires the trial court to notify a defendant charged with a sex offense in writing of the registration requirements. Although the trial court advised Warmack at sentencing that upon his release, he would be “subject to the registration and notification requirements for sex offenders” for life, the record does not indicate that compliance with the written notification procedure outlined above occurred. Because Warmack was verbally notified of the requirements remand is unnecessary. However, the trial court is directed to provide the appropriate written notice of the sex offender registration requirements to the defendant within 10 days of the rendition of this opinion and to file written proof of Warmack’s receipt of such notice in the record of the proceedings. See State v. Manning, 44,403 (La.App.2d Cir.6/24/09), 15 So.3d 1204, writ denied, 09-1749 (La.4/5/10), 31 So.3d 355.

Decree

For the foregoing reasons, Warmack’s convictions and sentences are affirmed. The trial court is directed to provide War-mack the appropriate written notice of the sex offender requirements.
AFFIRMED.

. A videotaped recording of the child's interview which detailed the facts was admitted at Warmack’s trial.

. Due to the date of the offenses, Warmack was charged with aggravated incest in violation of La. R.S. 14:78.1. In 2014, La. R.S. 14:78.1 was repealed and the proscribed actions previously covered by that statute are now included in La. R.S. 14:89, aggravated crime against nature.

. These complaints attack the trial court's compliance with La. C.Cr.P. art. 894.1. Because Warmack’s motion to reconsider sentence raised only the issue of constitutional excessiveness, he is precluded from raising this issue on appeal. La.C.Cr.P. art. 881.1(E); State v. Mims, 619 So.2d 1059 (La.1993); State v. Humphries, 48,235 (La.App.2d *427 Cir.9/25/13), 124 So.3d 1177. Even so, we find compliance by the trial court, which provided an adequate factual basis for the sentences imposed including consideration of Warmack’s personal, misdemeanor criminal history, first-felony status and illnesses, along with the seriousness of the offense and victim impact.