DREW, J.
| Fredrick Gipson entered a negotiated guilty plea for manslaughter (La. R.S. 14:31) and was sentenced to 25 years at hard labor.
Appellate counsel filed an Anders[1] brief in support of a motion to withdraw. We held the motion in abeyance and granted the defendant 30 days to file a pro se brief on appeal. The defendant did so, alleging only excessiveness of sentence.
We affirm in all respects.
FACTS
In a drug-related transaction occurring in Shreveport on May Í6, 2013, the defendant shot and killed Buford Johnson. He *1148 was indicted for five crimes: one count of second degree murder, three counts of obstruction of justice, and one count of attempted distribution of MDMA.
On December 8, 2014, the defendant agreed to plead guilty to manslaughter, with no agreement as to the sentence. All other charges were dismissed, and the state agreed not to pursue a firearm enhancement or file a multi-bill.
The court conducted a detailed Boykin colloquy, explaining the rights being waived by the defendant, who acknowledged that he understood his rights and wished to waive them. The defendant informed the court that he was 34 years old and had an associate degree. He confirmed that he understood the possible penalty for the offense and that there were no sentencing promises.
|2The prosecutor recited a factual basis for the plea to which Gipson agreed.[2]
The defendant made no protestations of innocence, no claim of self-defense, or any other defense, so the court did not treat the plea as one entered under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
At sentencing on April 14, 2015, the victim’s older sister, Eisha Madison, testified about the impact of the death on her family. She described the 20-year-old victim as a “strong, lovable, compassionate child with a mental disability” and explained that the loss was very painful to her parents and herself.
The court noted a favorable letter from the defendant’s sister.
|3The court reviewed the defendant’s presentence investigation.[3] Noting that the defendant used a firearm to commit this offense, the court sentenced Gipson to serve 25 years at hard labor. Gipson’s counsel orally objected to the sentence and subsequently filed a timely written motion to reconsider, urging that the sentence was excessive because Gipson was acting under strong provocation and did not harm or threaten to harm anyone else. The court denied Gipson’s motion. Gipson now appeals, alleging only excessiveness.
His lawyer’s Anders brief seeks to withdraw, as there are no nonfrivolous issues to raise on appeal. See Anders v. California, supra; State v, Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Mou *1149 ton, 95-0981 (La.4/28/95), 653 So.2d 1176; and State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). The brief outlines the procedural history and the Royfcm-compli-ant plea colloquy leading to the defendant’s conviction. The brief also contains “a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place.” Jyles, supra. Defense counsel further has verified that he has mailed copies of the motion to withdraw and his brief to the defendant, in accordance with Anders, Jyles, Mouton, and Benjamin, supra.
J^DISCUSSION
An error patent review of the appellate record has been conducted and no errors patent were found.
The defendant entered into a lawful plea agreement, and his sentence is lawful under the statute of conviction. Manslaughter carries a maximum sentence of up to 40 years at hard labor, and the 25-year sentence is near the middle of the range.
His tardy claims of self-defense should have been litigated at trial, as opposed to only being alleged upon appeal.
Our law on appellate review of exces-siveness claims is clear.[4]
Is At sentencing, the trial court thoroughly reviewed the presentence investigation. The court noted a supportive letter from the defendant’s sister, and heard testimony from the victim’s sister.
The defendant entered an unqualified plea of guilty. He did not argue self-defense prior to his plea. His guilty plea provided him with a substantial benefit from a reduced sentencing exposure, in comparison to the original five charges he faced. His plea also allowed him to avoid exposure to a formal firearms sentencing enhancement, as well as a probable habitual offender adjudication.
*1150 The trial court adequately complied with La. G. Cr. P. art. 894.1, and this midrange sentence is far from constitutionally excessive.
DECREE
Counsel’s motion to withdraw is granted. Defendant’s conviction and sentence are AFFIRMED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. Prosecutor: On the 16th day of May, 2013, near the intersection of West 77th and Linwood Avenue, here in Shreveport, Caddo Parish, Louisiana, Mr. Gipson shot and killed Buford Johnson. This incident happened in a residential neighborhood. The victim was shot one time in the chest and bled to death thereafter. No weapon was ever found. There were five additional shell casings found near the body of the victim, and the crime lab analyst would testify, if called, that all five of those casings were fired from the same weapon.
Following the shooting incident Mr. Gipson was arrested and that is the factual basis for the plea of guilty. There was no firearm found on or about the victim. And so that’s our factual basis, Your Honor.
Court: Mr. Gipson, are those facts true and correct?
Defendant: Yes, Your Honor.

. The PSI noted:
• Louisiana convictions for simple robbery, simple burglary and a lengthy misdemeanor history including DWI and possession of marijuana;
• a conviction in Texas for failure to stop and render aid;
• he left school at age 16, and became involved in the juvenile justice system;
• he completed an associate degree in 2010;
• he had been employed in the same job for two years prior to this offense;
• he was single, never married, and had no children;
• he reported a long history of drug and alcohol use; and
• claimed that he was acting in fear for his life at the time of the shooting.

. When reviewing an excessive sentence claim, the appellate court uses a two-prong test. First, the trial record must demonstrate that the trial court complied with La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating and mitigating circumstance, but the record must reflect that the trial court adequately considered the guidelines of La. C. Cr. P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). The trial court should consider the defendant’s personal history and prior criminal record, the seriousness of the offense, the likelihood that the defendant will commit another crime and the defendant’s potential for rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981). The trial court is not required to assign any particular weight to any specific matters at sentencing. State v. Quiambao, 36,587 (La.App.2d Cir. 12/11/02), 833 So.2d 1103, writ denied, 2003-0477 (La.5/16/03), 843 So.2d 1130. When the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary, even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982).
Second, the appellate court must determine if the sentence is constitutionally excessive. A sentence is excessive and violates La. Const. Art. I, § 20, if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980), A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. Id.
A trial court has wide discretion in imposing a sentence within the statutory limits, and a sentence should not be set aside absent a showing of abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Black, 28,100 (La.App.2d Cir.2/28/96), 669 So.2d 667, writ denied, 96-0836 (La.9/20/96), 679 So.2d 430. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Free, 46,894 (La.App.2d Cir. 1/25/12), 86 So.3d 29.