WILLIAMS, J.
_JjThe defendant, Olatunji Kareem Sule, was charged by bill of indictment with aggravated rape, a violation of LSA-R.S. 14:42(A)(4). Pursuant to a plea agreement, the defendant pled guilty to the responsive charge of attempted aggravated rape, a violation of LSA-R.S. 14:27 and 14:42. Defendant was sentenced to serve 19 years at hard labor without benefit of parole, probation or suspension of sentence. The district court denied defendant’s motion to reconsider sentence. Defendant appeals his sentence as excessive. For the following reasons, we affirm.
FACTS
On February 11, 2012, the defendant’s wife arrived home from work to find the defendant in their bed with her eight-year-old daughter. The defendant is the child’s stepfather and was 30 years old at the time of the offense. The child was not wearing any clothes and defendant was on top of the child with his pants pulled down. Defendant was charged with aggravated rape, but pursuant to a plea bargain pled guilty to attempted aggravated rape with no agreement as to sentencing.
At the sentencing hearing, the district court reviewed a presentence investigation report and the defendant’s military records. Defendant’s mother and grandmother testified that his criminal conduct was out of character for him. Defendant’s mother told the court about his upbringing, his military service and his work history. She also stated that the defendant had been exposed to pornography at a young *398 age by his father or stepfather. The defendant’s grandmother testified that she had helped raise the defendant and that he had never given her any problems. Defendant also |2made a statement, in which he apologized to his family and asked the court for leniency.
The district court considered the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. The court stated that given the gravity of the offense and the frequency of recidivism of sex offenders, there was an undue risk the defendant would commit another offense if not incarcerated, that the defendant was in need of correctional treatment, and that a lesser sentence would deprecate the seriousness of his crime. As aggravating factors, the court noted that the victim was selected due to her extreme youth, that the defendant used his status as the victim’s stepfather to facilitate the commission of the offense while the victim was left in his care, that the defendant inflicted significant psychological trauma on the victim, and that even though defendant pled guilty to a single count, the reports and his statement indicated that there were multiple incidents. The court found as mitigating factors that defendant did not have a criminal record, that he had shown remorse for hi's crime, that he had served four years in the Army and had been honorably discharged.
. Considering the above circumstances, the trial court sentenced the defendant to serve 19 years at hard labor without the benefit of parole, probation, or suspension of sentence. The defendant was also verbally informed of his obligation, upon release, to register as a sex offender for the rest of his life. Defendant’s motion to reconsider sentence was denied and this appeal followed.
^DISCUSSION
The defendant contends the district court erred in imposing an excessive sentence. Defendant argues that the minimum sentence of 10 years would be sufficient punishment based on the circumstances that he is a first-felony offender, he had served in the military, had been employed and was remorseful.
An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App.2d Cir.2/28/07), 953 So.2d 890, writ denied, 2007-0805 (La.3/28/08), 978 So.2d 297. The important elements which should be considered are the defendant’s personal history (age, family ties, marital status, health,' employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App.2d Cir.8/13/08), 989 So.2d 259, writ denied, 2008-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App.2d Cir.12/13/06), 945 So.2d 277, writ denied, 2007-0144 (La.9/28/07), 964 So.2d 351.
Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. Art. 1, Sec. 20 if it is grossly out of proportion to the seriousness of the offense or nothing 14more than a purposeless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sen *399 tence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 2001-0467 (La.1/15/02), 805 So.2d 166; State v. Robinson, 40,983 (La.App.2d Cir.1/24/07), 948 So.2d 379. The trial court has wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. State v. Williams, 2003-3514 (La.12/13/04), 893 So.2d 7; State v. Diaz, 46,750 (La.App.2d Cir.12/14/11), 81 So.3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. State v. Williams, supra; State v. Free, 46,894 (La.App.2d Cir.1/25/12), 86 So.3d 29.
Where a defendant has pled guilty to an offense which does not adequately describe his conduct or has received a significant reduction in potential exposure to confinement through a plea bargain, the trial court has great discretion in imposing even the maximum sentence possible for the pled offense. State v. Germany, 43,239 (La.App.2d Cir.4/30/08), 981 So.2d 792. Pursuant to LSA-R.S. 14:42(D)(1) and 14:27(D)(1)(a), a person convicted of attempted aggravated rape shall be imprisoned at hard labor for not less than 10 nor more than 50 years without the benefit of parole, probation, or suspension of sentence.
In the present case, the record shows that the district court adequately considered the facts of this case, the information in the presentence ^investigation report, and the relevant aggravating and mitigating factors in Article 894.1. The court noted the - defendant’s lack of a criminal record, his solid work history, his military service, and that he expressed remorse for his actions. However, the court pointed out that defendant had taken advantage of his eight-year-old stepdaughter while she was left in his care. In addition, the court found that the defendant’s crime was “particularly heinous” and noted that the evidence indicated there were multiple other incident's of similar conduct by the defendant that were not charged. Further, the defendant substantially benefitted from the plea agreement and the reduced sentencing exposure as he was originally charged with aggravated rape, which carries a mandatory sentence of life imprisonment. See LSA-R.S. 14:42(D)(1).
■ Considering the facts of this case and the benefit the defendant received from the plea agreement, the 19-year sentence imposed by the trial court does not shock the sense of justice, nor is it disproportionate to the severity of the offense committed. Consequently, the district court did not abuse its discretion in sentencing this defendant. The assignment of error lacks merit.

Error Patent

A review of the record demonstrates that the trial court did not properly comply with LSA-R.S. 15:543, which provides the sex offender notification requirements. LSA-R.S. 15:542 provides registration requirements for sex offenders, including those convicted of attempted aggravated rape, which is a sex offense under LSA-R.S. 15:541. Section 543 requires that the district court provide written notification of the | ¿registration requirements to a defendant convicted of a sex offense. The statute further requires that such notice be included on any guilty plea, judgment and sentence forms provided to the defendant, and that an entry be made in the court minutes stating that the written notification was provided.
*400 Although the district court verbally advised the defendant at sentencing that upon his release he- would be required to register as a sex offender for the rest of his life, the record does not indicate that the court complied with the written notification procedure outlined in Section 543. Because the defendant was verbally notified of the requirements, remand is unnecessary. However, we hereby direct the district court to provide the appropriate written notice of the sex offender registration requirements to the defendant within 10 days of the rendition of this Court’s opinion and to file written proof of the defendant’s receipt of such notice in the record of the proceedings. State v. Warmack, 49,880 (La.App.2d Cir.5/20/15), 166 So.3d 424.
CONCLUSION
For the forgoing reasons, the defendant’s conviction and sentence are affirmed. .By this opinion, the district court is hereby instructed to provide the defendant with the appropriate written notice of the sex offender registration requirements within 10 days of the rendition of this opinion, and to flip written proof of defendant’s receipt thereof in the record.
AFFIRMED WITH INSTRUCTIONS.