Judgment rendered June 28, 2023.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,038-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                                Appellee

versus

JOE MCCARTHY, III                                 Appellant

* * * * *

Appealed from the
Fifth Judicial District Court for the
Parish of Franklin, Louisiana
Trial Court No. 2019437F

Honorable Stephen G. Dean, Judge

* * * * *

LOUISIANA APPELLATE PROJECT
By: Lavalle Bernard Salomon                        Counsel for Appellant

PENNY WISE DOUCIERE                                Counsel for Appellee
District Attorney

CAROLINE HEMPHILL
AMANDA MICHELE WILKINS
Assistant District Attorneys

* * * * *

Before PITMAN, STONE, and HUNTER, JJ.

**HUNTER, J**.

The defendant, Joe McCarthy, III, pled guilty to three counts of first degree vehicular negligent injuring, in violation of La. R.S. 14:39.2. The trial court sentenced defendant to serve 5 years on each count, with the sentences to run consecutively. On appeal, defendant contends the consecutive 5-year sentences imposed are excessive. For the following reasons, we affirm.

## FACTS

On March 5, 2019, defendant was involved in a motor vehicle accident in Winnsboro, while driving an automobile with three juvenile passengers. The juveniles were injured in the accident, requiring them to be airlifted to hospitals for treatment. Winnsboro Police Officer Jeffrey McDonald investigated the accident, and a witness said defendant's car had entered the intersection at a very fast speed and collided with an 18-wheeler making a turn. Officer McDonald spoke with defendant at the hospital and obtained his consent to collect blood and urine samples for chemical testing. The blood test results were negative for alcohol, but the urine test was positive for cocaine.

In July 2019, defendant was charged with three counts of first degree vehicular negligent injuring. The record shows defendant failed to appear in court on January 28, 2020, June 2, 2020, and April 13, 2021. Defendant was not present when called on April 19, 2021, and the trial court issued a bench warrant, which was recalled when defendant appeared in court later that day. In June 2021, defendant was present and the trial court held a preliminary exam. In October 2021, the bill of information was amended to add three counts of second degree cruelty to juveniles in addition to the counts of

vehicular negligent injuring. On October 19, 2021, defendant again failed to appear in court.

On October 25, 2021, defendant appeared in court and pursuant to a plea agreement, defendant pled guilty to three counts of first degree vehicular negligent injuring and the other counts were dismissed. The state and defendant agreed to 5-year sentences, with 3 years suspended and 3 years of supervised probation on each count, with the sentences to be served concurrently. Sentencing was deferred until January 5, 2022. After accepting defendant's guilty pleas, the trial court advised defendant if he failed to return for the sentencing date, the guilty plea would stand, but the agreed sentence would not be mandated and the court could impose another sentence consistent with the statute.

Defendant failed to appear for sentencing on January 5, 2022. Written notice for defendant to appear in court for sentencing on March 2, 2022, was mailed to defendant's attorney. Notices mailed to defendant at two different addresses were returned as undelivered. Defendant failed to appear on March 2, 2022, and the next day a bench warrant was issued with no bond. When defendant appeared on April 27, 2022, the trial court sentenced him to serve 5 years at hard labor on each of the three counts with the sentences to run consecutively to each other and with no portion of the sentence to be suspended, contrary to the agreed-upon sentence, which was part of the plea agreement. Defendant's motion to reconsider sentence was denied. This appeal followed.

## DISCUSSION

The defendant contends the trial court erred in imposing excessive sentences. Defendant argues the trial court abused its discretion by failing to

provide an adequate factual basis for imposing consecutive sentences after declining to comply with the original sentencing agreement.

An appellate court uses a two-pronged test to determine whether a sentence is excessive. First, the record must show the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial court is not required to list every aggravating or mitigating circumstance so long as the record reflects adequate consideration of the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

The trial court is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of this discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7; *State v. Diaz*, 46,750 (La. App. 2 Cir. 12/14/11), 81 So. 3d 228. On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Williams, supra*; *State v. Free*, 46,894 (La. App. 2 Cir. 1/25/12), 86 So. 3d 29.

Second, this court must determine whether the sentence is constitutionally excessive. A sentence can be constitutionally excessive, even when it falls within statutory guidelines, if: (1) the punishment is so grossly disproportionate to the severity of the crime that, when viewed in light of the harm done to society, it shocks the sense of justice; or (2) it serves no purpose other than to needlessly inflict pain and suffering. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993); *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166.

The penalty for first degree vehicular negligent injuring is imprisonment with or without hard labor for not more than 5 years or a fine of not more than $2,000, or both. La. R.S. 14:39.2(D).

In this case, at sentencing the trial court stated defendant had "shown a total disdain for any kind of responsibility to appear when asked to do so by this court repeatedly." To explain the sentencing decision, the trial court then recited defendant's missed court dates before and after his guilty plea. The trial court informed defendant by failing to appear for his sentencing dates, his guilty plea was preserved, but he had "forfeited the right" to have the benefit of the agreed sentence. The trial court imposed sentences of 5 years for each count with the sentences to run consecutively to each other.

Defendant alleges the trial court erred in failing to adequately state the factors considered for imposing consecutive sentences. When two or more convictions arise from the same incident, the terms of imprisonment shall be served concurrently unless the court expressly directs some or all of the terms be served consecutively. La. C. Cr. P. art. 883. Concurrent sentences arising out of a single course of conduct are not mandatory and consecutive sentences under those circumstances are not necessarily excessive. *State v. Harris*, 52,663 (La. App. 2 Cir. 8/14/19), 277 So. 3d 912. When consecutive sentences are imposed, the trial court shall state the factors considered and its reasons for the consecutive terms. *State v. Harris, supra*.

Here, the trial court stated the factors considered for the imposition of consecutive sentences, including the number of defendant's missed court dates and his benefit in having other counts dismissed. The trial court found defendant had shown a complete disregard for the court's orders and procedures by failing to appear in court numerous times, including his

4

failure to appear for sentencing as required in the plea agreement. The trial court pointed out defendant was previously advised if he did not appear on the date for sentencing the court would not be bound by the agreed sentence.

The record shows the trial court expressly directed the sentences would be served consecutively after stating its reasons for imposing the consecutive terms. Consequently, we cannot say the trial court abused its discretion in imposing the consecutive sentences. The argument lacks merit.

The defendant also contends the trial court's imposition of maximum sentences is excessive in this case. He argues the trial court abused its discretion by failing to provide an adequate reason for the sentences imposed and in failing to consider the statutory sentencing factors.

Articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with the article. *State v. Lanclos*, 419 So. 2d 475 (La. 1982). The elements which should be considered include the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, the seriousness of the offense, and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981).

In this case, prior to the guilty plea, the trial court advised defendant of the sentencing range for first degree vehicular negligent injuring, including the maximum sentence of 5 years, and he said he understood. The prosecutor informed the court of the agreement by defendant and the state to defer sentencing to January 5, 2022, but if he did not appear, the guilty plea would stand and the court would be able to impose a sentence which it

5

deemed appropriate. In addition, the trial court expressly instructed defendant he must return for sentencing on January 5, 2022, or he potentially would not receive the agreed-upon sentence, but would be given another sentence consistent with the statutory sentencing range. Despite these warnings, defendant failed to appear for sentencing on January 5, 2022, and the case was continued to March 2, 2022.

When a defendant fails to appear and the matter is continued to a new date, both defendant and the bondsman who posted the bail undertaking shall be given notice of the new appearance date and this notice may be provided by first class mail. La. C. Cr. P. art. 330. The address provided by defendant on the bail undertaking is conclusively presumed to continue for all proceedings unless it is changed by a written declaration of residence filed in the record. La. C. Cr. P. art. 329.

In this case, notice of the March 2, 2022, sentencing date was mailed to defendant and the bondsman at the addresses on the bond and to the defense counsel of record. Defendant did not file a subsequent declaration of residence in the record. Thus, the record demonstrates defendant was given notice in court of the initial January sentencing date and was properly provided notice of the continued March 2, 2022, sentencing date under Articles 329 and 330.

In several assignments of error, defendant argues the trial court failed to provide a factual basis for the sentences and failed to consider the sentencing guidelines. Although the trial court did not specifically mention the Article 894.1 factors, we note as a result of prior court hearings, the trial court was made aware of defendant's personal history, including his educational background and employment as a truck driver. In addition, the

6

trial court was informed of the circumstances of the offenses of conviction during the preliminary examination, in which the court determined probable cause existed for the charges.

The record shows the trial court advised defendant that pursuant to the plea bargain, if he failed to perform his obligation to appear for the sentencing date of January 5, 2022, he agreed he would be subject to a sentence consistent with the statute, which provided a maximum sentence of 5 years, and would not get the benefit of the agreed sentence.

Considering the information available to the trial court from previous court proceedings, the provisions of the plea agreement, and the wide discretion afforded the sentencing court, we cannot say the trial court abused its discretion in imposing the consecutive 5-year sentences in this case. Thus, the assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, the defendant's convictions and sentences are affirmed.

**AFFIRMED.**